UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>WHOLESALE AMERICA MORTGAGE, INC., et al.,<br><br>    Defendants. | Case No. 12-cv-03481-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 14 & 36. |

This matter came before the court on March 21, 2013 for hearing on Plaintiff's Motion to Remand and Defendants' Motion to Dismiss. Having considered the papers filed by the parties, as well as the arguments presented at the hearing, and good cause appearing, and for the reasons stated below, the court now DENIES Plaintiff's Motion to Remand, and GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss, without prejudice. Plaintiff has leave to amend her complaint within twenty-one days to establish a viable federal claim. Absent such a claim, this Court is likely to remand Plaintiff's remaining state-law claims to state court.

## I. Background

### A. Factual History

Plaintiff Mary Miller purchased her Novato home in March 2006, financing the purchase with a loan originated by Defendant Wholesale America Mortgage, Inc. ("Wholesale"). Second Amended Complaint ("SAC"), ¶¶ 12-13. Plaintiff alleges, and for the purposes of a motion to dismiss, this Court assumes, that the Truth in Lending Act ("TILA") Statement Plaintiff received understated the APR on Plaintiff's loan by 4.9580%, and understated the finance charges associated with Plaintiff's loan by $1,144.42. SAC, ¶¶ 40-41.

On March 10, 2011, an Assignment of Deed of Trust was recorded in the Marin County recorder's office, listing Wholesale as a grantor and Aurora Loan Services, LLC ("Aurora") as the grantee. SAC, ¶ 26. A Notice of Default, initiating foreclosure proceedings, was filed on March 28, 2011, listing Aurora as the beneficiary of Plaintiff's loan. SAC, ¶ 27. In February 2012, Aurora informed Plaintiff that they were now the servicer of the loan and that U.S. Bank National Association was now the owner of the loan.[1]

### B. Procedural History

Plaintiff brought an action in Marin County Superior Court on May 25, 2012, seeking to enjoin a scheduled foreclosure sale of her property. Complaint, Civ-1202426. Her complaint named Wholesale, Aurora, U.S. Bank National Association, Lehman Brothers Holdings, Inc., Secured Asset Securities Corporation and Does 1-50 as Defendants. Id. Plaintiff asserted claims under TILA, the federal Home Ownership and Equity Protection Act, and several state common law rights of action. Id. Five days later, the Marin County Superior Court issued a temporary restraining order ("TRO") enjoining the foreclosure sale, pending a hearing scheduled for July 13, 2012. Id.

The same day that the Superior Court issued the TRO, Defendants Aurora and U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-GPI (together, "the Removing Defendants") removed the action to this Court. Dkt. No. 1. The Removing Defendants argue that this court has federal question jurisdiction over the alleged federal causes of action, and supplemental jurisdiction over the remaining state-law claims because they arise out of the same "nucleus of operative facts." Dkt. No. 1. Plaintiff filed a Motion to Remand, which the Court now considers. Dkt. No. 14.

The Removing Defendants have moved to dismiss three times. Dkt. Nos. 5, 19 & 36. The first two motions were mooted by Plaintiff's filing amended complaints, the first as of right and the second by leave of court. Dkt. Nos. 14 & 18. The Court now considers Defendants' third

---

[1] Defendants also request that the Court take judicial notice of several documents. Dkt. No. 36, Att. 1. Since the Court does not need to address those facts in disposing of this motion, the Court does not act on the request at this time.

2

motion to dismiss, which seeks to dismiss Plaintiff's Second Amended Complaint. Dkt. No. 36. The first cause of action in the SAC alleges that Defendants have violated TILA, and the second through sixth causes allege California statutory and common law claims.

**II.     Motion to Remand**

District courts must remand at any time that "it appears that the district court lacks subject matter jurisdiction." Federal courts have subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 (1987). If a court has original jurisdiction over one claim in a case, it may exercise "supplemental jurisdiction" over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. s 1367(a).

Plaintiff does not dispute that this Court has federal question jurisdiction over her federal cause of action, or that it may properly exercise supplemental jurisdiction over her remaining claims. Instead, she provides a bare quotation from 40235 Washington Street Corp. v. Lusardi, 976 F.2d 587, 589 (9th Cir. 1992) stating that, "[i]n proceedings *in rem* or *quasi in rem*, the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." Plaintiff omits the context surrounding this quotation. The 40235 Washington Street Corp. court was applying *Colorado River* abstention, in which district courts abstain from hearing certain cases that would interfere with a pending state court proceeding. Id. at 588; see also Colorado River Water Conservation Dist. v. U.S., 424 U.S 800, 818 (1976). In 40235 Washington Street Corp., a district court stayed a federal proceeding because there was already a *different* state court proceeding had already assumed jurisdiction over the same property. 976 F.2d at 588. In this case, there is no currently pending state court action with which this Court might interfere. Defendants removed this case from state court in May, and the *Colorado River* doctrine does not apply.

Plaintiff's motion to remand is DENIED.

/ / /

### III. Motion to Dismiss Count One of Plaintiff's Complaint

In the SAC's first cause of action, Plaintiff alleges that Defendants violated TILA by misrepresenting the APR and finance charges in the TILA disclosure statement. ¶¶ 42-49. The Removing Defendants move to dismiss this count because Plaintiff has not established that there is a viable basis for assignee liability, and because Plaintiff's claim is time-barred. Dkt. No. 36.

#### A.  Legal Standard

TILA, and its implementing regulations, require creditors to provide accurate disclosures to borrowers, including accurate descriptions of the APR and finance charges associated with a loan. See 15 U.S.C. §§ 1605, 1606 & 1638(a); 12 C.F.R. §§ 226.4, 226.18 & 226.22. Plaintiffs may bring TILA actions against the original creditor's assignee only if "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). TILA also has a one-year statute of limitations which runs "from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "The occurrence of the violation" is the time the loan transaction is consummated. See King v. State of California, 784 F.2d 910, 915 (9th Cir.1986).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.2008). For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).

However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiffs' obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."

4

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) cert. denied, 132 S. Ct. 2101 (U.S. 2012). "The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id.  To survive a motion to dismiss, a pleading must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. Twombly, 550 U.S. at 556.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  In the absence of factors such as "undue delay, bad faith or dilatory motive," leave to amend should be freely given.  Foman v. Davis, 371 U.S. 178, 182 (1962).  However, the district court's discretion to deny leave to amend is broader where the plaintiff has previously filed an amended complaint.  Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir.2004).

**B.     Discussion**

Since the Removing Defendants are not Plaintiff's original creditors, Plaintiff must allege facts sufficient to meet the specific standard for assignee liability: the violation must be "one that is apparent on the face of the disclosure statement." 16 U.S.C. § 1641(a).   While the Ninth Circuit has not interpreted this language, other circuits and courts within this district have interpreted this requirement to only allow assignee liability for "violations that a reasonable person can spot on the face of the disclosure statement or other assigned documents."  See, e.g., Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 694 (7th Cir.1998); Ananiev v. Aurora Loan Services, LLC, 2012 WL 2838689 (N.D. Cal. July 10, 2012).  This interpretation acknowledges that TILA imposes a higher bar for assignee liability than original creditor liability, respecting the statutory presumption of meaningful variation.  See Sosa v. Alvarez-Machain, 542 U.S. 692, 711 n.9 (2004).

Plaintiff's SAC does not satisfy this requirement.  Plaintiff asserts only that Defendants' TILA violations are "clear on their face." Dkt. No. 37.  This conclusory allegation merely recites

the elements of the cause of action without alleging specific facts explaining how the inaccuracy of the disclosures would have been apparent to the assignees on the face of the assigned documents. Therefore, the SAC is insufficient to maintain a claim against the Removing Defendants for TILA violations.

Plaintiff's TILA claim is also subject on its face to a statute of limitations defense.[2] Since the loan transaction was consummated in 2006, TILA's limitations period expired six years ago. To avoid application of the statute of limitations, Plaintiff alleges that her claim is subject to equitable tolling. Dkt. No. 36.

Once again, however, Plaintiff's SAC fails to plead adequate facts in support of her claim. The Court will equitably toll a TILA claim "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting Socop–Gonzalez v. I.N.S., 272 F.3d 1176, 1193 (9th Cir.2001) (internal quotation marks omitted). Where "plaintiffs have not alleged circumstances beyond their control that prevented them" from learning information bearing on their claim, "plaintiffs have not stated a basis for equitable tolling." Cervantes, 656 F.3d at 1045-46; see also Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir.1996) (per curiam) (declining to toll TILA's statute of limitations when "nothing prevented [the mortgagor] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").

Here, Plaintiff maintains that Defendants actively concealed the alleged TILA violations from her and that she has only recently learned of the violations. SAC, ¶ 46. As with her assignee liability claim, however, this allegation does little more than recite the legal requirements for equitable tolling. To maintain a cause of action seven years after TILA's limitations period has expired, a plaintiff must allege specific facts showing that she exercised due diligence in obtaining information about her loan payments, but was prevented from doing so by forces beyond her

---

[2] Other courts in this district have dismissed time-barred TILA claims at the pleading stage. See Gomez v. Wachovia Mortg. Corp., 2010 WL 291817, at *4 (N.D.Cal. Jan.19, 2010).

control. In particular, Plaintiff must demonstrate how, even after receiving mortgage bills for many years, she was unlikely to discover that her loan was subject to a higher APR and finance charges than had been previously disclosed. See Cabrera v. Long Beach Mortg., 2011 WL 1113467 at *3 (N.D. Cal. Mar. 25, 2011) (dismissing as time-barred a TILA claim brought two years after plaintiff had experienced "extreme payment shock" at paying a higher-than-anticipated interest rate). Plaintiff has not done so.

In short, the SAC fails to allege sufficient facts to maintain a viable claim under TILA against the Removing Defendants. Therefore, the Court GRANTS IN PART Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, as it applies to Plaintiff's first cause of action. Plaintiff has leave to amend her complaint within twenty-one days of this order to state an adequate TILA claim. Plaintiff is advised that the court is unlikely to grant further opportunities to amend.

## IV. Supplemental Jurisdiction over State Law Claims

Defendants also move to dismiss the SAC's second through fifth causes of action, all of which arise under state law.[3] The only jurisdiction this Court might exercise over those claims is supplemental jurisdiction, pendent from Plaintiff's single federal claim,[4] which the court has now dismissed. Because the court has granted Plaintiff leave to amend her complaint to cure her defective TILA claim, the court need not not address the validity of Plaintiff's state law claims now, since it is unlikely that the Court will retain jurisdiction of this case if Plaintiff is unable to plead a viable federal claim.

When she amends her complaint, Plaintiff should take the opportunity to reexamine her

---

[3] The second cause of action, under California's Unlawful Competition Law, "borrows" violations of other laws, including the alleged TILA violation. The SAC's third cause of action asserts negligence *per se*, citing Defendants' alleged TILA violations as one of statutory violation establishing negligence. Despite the fact that these causes of action include the TILA violation as the predicate to the cause of action, they remain state-law claims.

[4] The Court notes that the Removing Defendants have never asserted any other basis for federal jurisdiction over this case, despite the fact that, according to Plaintiff, their citizenships are diverse from Plaintiff. SAC, ¶¶ 6-7. Plaintiff alleges that Defendant Wholesale, which has not appeared in this action and Plaintiff claims has been suspended as a corporation, has California citizenship. SAC, 3 & 11.

7

1 state law claims in light of the objections raised in this motion, and make any amendments or

2 corrections that she thinks advisable. The court will evaluate the adequacy of the state law claims

3 if and when the need arises.

### V. Conclusion

Plaintiff's motion to remand is DENIED. Defendant's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff has leave to amend her complaint within twenty-one days of this order.

**IT IS SO ORDERED**.

Dated: March 23, 2013



Jon S. Tigar
United States District Judge